[No. 8,572.—Department Two.]
December 29, 1882.

## JO HAMILTON v. WILLIS JONES ET AL.

RECOVERY OF TAXES PAID BY MORTGAGEE—FORECLOSURE OF MORTGAGE— CALCULATION OF INTEREST.

APPEAL by defendant J. S. Carmichael, from the judgment of the Superior Court of the County of Placer. MYRES, J.

Action of foreclosure of mortgage. The action was brought against the defendants Willis Jones and Michael Dougherty, as the mortgagors, and against J. S. Carmichael and others, as claimants of some interest, subject to the plaintiff's mortgage—the defendant Carmichael being a junior mortgagee.

The indenture between the parties plaintiff and defendants Jones and Dougherty, as it appears in the transcript and as a part of the complaint, is as follows:

This indenture, made this first day of February, A. D. 1876, by and between Jo Hamilton of the first part, and Willis Jones and Michael Dougherty of the second part, both of the County of Placer and State of California, witnesseth that, whereas, heretofore, A. Bruce, of Placer County, California, has held the property hereinafter described in trust for the payment of certain sums of money due from the said Willis Jones and Michael Dougherty, by deeds absolute on their face, but which were only intended as mortgages to secure the money; and whereas, the said Jo Hamilton has this day paid to the said A. Bruce all the moneys owing to him by the said Willis Jones and Michael Dougherty, to wit, the sum of twenty-six thousand ($26,000) dollars, in gold coin; and whereas, the said Willis Jones was also indebted to the said Jo Hamilton in the sum of one thousand seven hundred and twenty-seven dollars and seventy-eight cents ($1,727.78) in gold coin, which he is desirous of securing to him; and whereas, on the payment to him by the said Jo Hamilton of the said sum of twenty-six thousand ($26,000) dollars, owing to him by the said Willis Jones and Michael Dougherty, which is done before the en-sealing of these presents, the said A. Bruce has, with the full consent of the said Willis Jones and Michael Dougherty, deeded all of the said property to the said Jo Hamilton, by deed of conveyance duly executed to him this day.

Now, in consideration of the said sums so paid by the said Jo Hamilton, and the said sums owing him by the said Willis Jones, the said Willis Jones and Michael Dougherty hereby acknowledge themselves to be indebted to the said Jo Hamilton in the sum of twenty-seven thousand seven hundred and twenty-seven dollars and seventy-eight cents ($27,727.78); that is to say: Jo Hamilton, who holds the deed absolute of the said property, holds it subject to the right of the said Willis Jones and Michael Dougherty to repurchase the said property at any time within the period of one year and six months from this date, upon paying to the said Jo Hamilton the said sum of twenty-seven thousand seven hundred and twenty-seven dollars and seventy-eight cents ($27,727.78), together

with one and one half per cent. per month by way of interest. When the same is fully paid, then said Jo Hamilton shall re-deed all of the said property to them or their assigns, or such part as shall remain after such money shall be paid. The said payments shall be made as follows: First, as often as any of the said property may be sold (if any be sold), the proceeds shall go first to pay the said Jo Hamilton all the interest due him to that date on the said sum of twenty-seven thousand seven hundred and twenty-seven dollars and seventy-eight cents ($27,727.78). Second, to pay so much of the principal as shall remain, and as the parties herein now have other dealings and transactions together, which do not have any concern or connection with this contract, it is hereby stipu-lated and expressly agreed that nothing shall be considered or treated as a payment on this contract by the said Willis Jones and Michael Dougherty from any source whatever, unless the same is at the time of such payment indorsed plainly upon the copy of this contract kept by the said Willis Jones and Michael Dougherty, and signed by the said Jo Hamilton or his assigns as a credit on said contract. The said Willis Jones and Michael Dougherty shall have the full control and man-agement of all of the said property and the revenues thereof, and from time to time as the said revenues arising from the said property shall exceed the expenses of working and running the same, such net proceeds shall be paid by them to the said Jo Hamilton, and shall be applied first to the payment of the interest due at the time of the payment, and secondly to pay so much of the said principal sum as shall remain.

It is further expressly agreed and understood, that if the said Willis Jones and Michael Dougherty shall fail or neglect to carefully manage the said property so as to make it yield the proper revenue and income which it reasonably and prop-erly may yield, or should fail or refuse after demand to pay over the net proceeds and revenues thereof, then the said Jo. Hamilton may elect to foreclose this contract as herein pro-vided; and should he so elect to foreclose, his election so to do shall be final and conclusive upon the said matter of de-fault on the part of the said Willis Jones and Michael Dough-erty, who shall be bound thereby; said foreclosure shall be upon the terms hereinafter set out, and subject to the same

conditions only. The taxes on said property and all expenses connected therewith shall be borne by the said Willis Jones and Michael Dougherty, who shall promptly pay the same when due; and if they do not do so, then the said Jo Hamilton may pay the same, and for such sums of money so paid by him he shall be allowed to charge and collect two per cent per month by way of. interest thereon. Whenever the said sum of money is paid, and all the interest thereon, so much of the property as remains in the hands of. Jo Hamilton shall be redeeded to the said Jones and Michael Dougherty, or to their assignees. Should it become desirable to sell any of the said property, the same shall not be sold without the consent of the said Jo Hamilton, and the conveyance shall be signed by both the said Willis Jones and Michael Dougherty and said Jo Hamilton. Should the said Willis Jones and Michael Dougherty not pay the said money and interest as herein provided, or should they make any default as herein provided, then the said Jo Hamilton may, at his election, at any time foreclose all the interest of the said Willis Jones and Michael Dougherty in the said .property, by a bill filed for that purpose, and shall sell all of the said property in the manner provided by law, the proceeds thereof to go, first, to pay all costs and expenses of the said foreclosure, including attorneys' fees, not to be less than —— per cent. of the sums due him from the said Willis Jones and Michael Dougherty; and third, such sums as shall remain shall be paid to the said Willis Jones and Michael Dougherty. This contract is assignable by either party, and the assign of either shall be clothed with the same rights as the principals.

· Here follows a description of the property mortgaged, and the signatures of the parties. The complaint, after setting forth the mortgage and breaches of its covenants, contained the following allegations as to the payment of taxes by the plaintiff, and the payments on the indebtedness of mortgagees: "On the twenty-second day of January, 1877, the taxes not having been paid by the said Jones and Dougherty on said property, and the same being then delinquent, plaintiff was forced to pay the same, to wit, the sum of five hundred and ninety-two dollars and sixty-three cents ($592.63), which became a further lien upon the said property, as by the terms

of the said contract, and bore interest at the rate of two per cent. per month. The only payments which have been made upon the said contract are as follows: July 1, 1876, $2,888.25, being the amount of a certain judgment credited, less the costs; July 1, 1876, check, $600; November 1, 1876, cash, $2,000·; June 1, 1877, check, $4,000; January 4, 1878, check, $10,000; January 1, 1880, note, $5,000. None of these credits are indorsed on the contract kept by Jones and Dougherty, but receipts for these amounts are given and should be credited on said contract. The balance of the said contract remains due and unpaid."

The defendant Carmichael demurred to the complaint on the grounds: 1. That it does not state facts sufficient. 2. It is ambiguous, in that it does not appear whether the plaintiff has a mortgage on the property described in the complaint, or a deed of trust.

Judgment was given by the Court below for the sum of twenty-four thousand three hundred and forty-seven dollars and ninety-eight cents besides costs, and for the foreclosure. For the other facts reference is made to the opinion of the Court.

*Henley, Whipple & Oates,* for Appellant.

The decree is several thousand dollars in excess of the amount due the respondent Hamilton, as shown by the verified complaint, upon the most favorable calculation for him, allowing him one and a half per cent. per month interest from the date of his contract to the entry of the decree, and also the whole amount of taxes and interest thereon claimed by him in his complaint. But appellant claims that the amount of taxes so paid and the interest thereon do not constitute a lien upon the premises under the contract sued on, and therefore can not be entered as a part of the judgment, to be a prior lien to appellant's mortgage. Appellant further claims, that under the terms of the contract sued upon, interest upon the amount due at the rate of one and a half per cent. per month for only eighteen months, to wit, during the life of said contract, can be allowed. This would make a further difference of several thousand dollars in the amount of the decree.

*Hamilton & Dunlap* and *Burt & Hamilton,* for Respondent.

We are only now (November 20, 1882) served with appellants' brief, although the transcript on the appeal, taken nearly at the last day in the year for the appeal, was filed in this Court on the seventh day of August, 1882. We are satisfied that the appeal is frivolous, and we are surprised at the declaration of appellants that the decree is for several thousand dollars more than it should be. We are equally surprised at the several other erroneous positions taken, none of which are supported either by authority or common fairness. They contravene every rule of law, and we think are wholly untenable.

For the convenience of the Court, and to lessen its labors, we hereto append a calculation, which, disregarding the fractions of days and time, all of which are given appellants, show that the decree is correct:

        $27,727 78
          2,079 58—Interest to July 1, 1876.
        ─────────
        $29,807 36
          3,489 25
        ─────────
        $26,318 11
          1,579 08—Interest to November 1, 1876.
        ─────────
        $27,897 19
          2,000 00
        ─────────
        $25,897 19
          2,720 81—Interest to June 1, 1877.
        ─────────
        $28,618 00
          4,000 00
        ─────────
        $24,618 00
          2,621 96—Interest to January 14, 1878.
        ─────────
        $27,239 96
         10,000 00
        ─────────
        $17,239 96
         10,878 40—Interest to July 6, 1881.
        ─────────
        $28,118 36
          5,000 00—Cr. January 1, 1880.
        ─────────
        $23,118 36—Balance July 6, 1881.
          1,232 72—Added, taxes and interest.
        ─────────
        $24,451 08

The COURT:

This is a proceeding to foreclose a mortgage. There was a demurrer to the complaint, which was overruled by the Court, and no answer being filed, a decree of foreclosure was entered. There is no error apparent in the case, and the judgment of the Court below is affirmed.